# CONSUMER LAW CENTER LLC

Phillip Robinson*

* Admitted in MD

A Consumer Rights Law Firm
10125 Colesville Road, Suite 378
Silver Spring, MD 20901
_____
Phone (301) 448-1304
www.marylandconsumer.com

January 13, 2022

**Delivered by the Court's CM/ECF System**
The Honorable Paul W. Grimm
District Court Judge
U.S. District Court for the District of
     Maryland
6500 Cherrywood Lane, Suite 465A
Greenbelt, MD 20770

**Re.:**    Case 8:20-cv-02392-PWG
*Palazzo v. Bayview Loan Servicing, et al.*
**LETTER REQUESTING LEAVE OF COURT TO MOVE TO STAY ENTRY OF ANY FINAL TRIAL JUDGMENT IN THE RELATED BANKRUPTCY PROCEEDING**

Dear Judge Grimm:

Pursuant to the Court's Letter Order Regarding the Filing of Motions (ECF. 2), the Plaintiff Ruben Palazzo requests leave of the Court to move to for an appropriate Order of the Court concerning the any final adjudication of a trial judgment in the related bankruptcy proceeding (i.e. Adversary Proceeding, Case No. 19-00203).

**Relevant Background**

On July 28, 2020, Plaintiff Ruben Palazzo moved to withdraw the reference of the related proceeding in the United States Bankruptcy Court for the District of Maryland. That motion was docketed in this Court pursuant to Local Rule 402 on August 17, 2020. Doc. 1 ("Reference Motion"). The Court thereafter directed the Defendants to respond to the Reference Motion. Doc. 3. Defendants responded to the Reference Motion by stating to the Court on September 9, 2021 that they "take no position as to whether this Honorable Court should withdraw the reference of Plaintiff's Adversary Complaint to the Bankruptcy Court." Doc. 4 at ¶ 7. Thereafter, Plaintiff filed his reply in support of the Reference Motion on September 30, 2020. Doc. 5. No ruling has been made on the Reference Motion since its presentation to the Court.

On July 28, 2020, Plaintiff Ruben Palazzo also moved to amend in the related proceeding his then pending complaint which was granted to assert claims arising under Bankruptcy law and also under Federal and State debt collection laws. In his proposed pleading, Plaintiff requested, as was his right, a jury trial on his legal claims. The Bankruptcy Court granted Plaintiff's motion to leave to

amend and he filed in the related action his amended complaint and jury demand on August 26, 2020. The Bankruptcy Court determined however it did not have jurisdiction over Plaintiff's Federal and State debt collection claims but stayed dismissal of those claims until this Court ruled upon the Reference Motion. Plaintiff previously reported those rulings to the Court on September 30, 2020 and again on October 20, 2021. Doc. 5-6.

Meanwhile the Parties have proceeding through discovery on Plaintiff's claims in his amended complaint under the Bankruptcy Code and have briefed and argued competing summary judgment motions (Plaintiff's for partial summary judgment as to liability and Defendants for complete summary judgment). The summary judgment motions only concern the bankruptcy claims in Plaintiff's complaint.

Even though the Plaintiff successfully completed his Chapter 13 Bankruptcy Plan over a year ago, the Chapter 13 Trustee did not act to complete Plaintiff's bankruptcy case until just last week. It is anticipated that Mr. Palazzo will likely obtain his discharge shortly. However, multiple disputes still exist concerning the Defendants' application of his plan- and post-petition payments and the current status of Plaintiff's mortgage loan that may need to be addressed in the final stages of the related bankruptcy case.

Finally, a trial is scheduled to occur on Plaintiff's bankruptcy claims on March 2-3, 2022.

**Relevant Legal Basis for the Proposed Motion**
Under the circumstances and background presented, Mr. Palazzo has not been permitted to proceed on his non-bankruptcy related claims under remedial Federal and State debt collection laws in which he is entitled to a jury trial he has requested. He is, however, entitled to a "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. In addition, Mr. Palazzo's "right of trial by jury as declared by the Seventh Amendment to the Constitution--or as provided by a federal statute--is preserved to the parties inviolate." Fed. R. Civ. P. 38(a).

This Court has the "responsibility…to protect the constitutional right to trial by jury but also limits the issues open for determination here by defining the protection to which that right is entitled in cases involving both legal and equitable claims." *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 472 (1962). When claims and issues involve both legal and equitable relief, "the legal claims involved in the action must be determined prior to any final court determination of respondents' equitable claims." *Id.* at 479. *See also U.S. ex rel. Drakeford v. Tuomey Healthcare Sys., Inc.*, 675 F.3d 394, 404 (4th Cir. 2012)("The Seventh Amendment demands that facts common to legal and equitable claims be adjudicated by a jury").

To preserve Plaintiff's right to a jury trial on his legal claims, which should ultimately be heard first as explained in *Dairy Queen* and *Drakeford*, Plaintiff believes it appropriate for this Court to issue an Order preserving his jury right on his legal claims to proceed first before any trial judgment in the related proceeding. At this stage it would seem to Plaintiff this result could be accomplished by: (i) granting the Reference Motion and removing the entire action to this Court

to permit the Parties to commence discovery and pre-trial motions on Plaintiff's State and Federal debt collection claims; (ii) staying all trial proceedings in the Bankruptcy Court and revisiting the order of proceedings after the Court addresses the Reference Motion; (iii) order that the Bankruptcy Court may hear evidence at trial concerning Plaintiff's bankruptcy related claims but that it may not issue a final trial judgment on the bankruptcy claims until Plaintiff has been afforded his right to a jury trial as preserved under the Seventh Amendment; or (iv) some combination of these options.

Practically speaking, Plaintiff believes any final judgment on Plaintiff's equitable claims may wish to consider what relief is awarded to the Plaintiff by a jury. For these additional real, it makes more sense pursuant to Fed. R. Civ. P. 1 to ensure a just result by confirming ensure that Plaintiff's legal claims proceed to trial before any final trial judgment on his equitable claims.

**Conclusion**

While Plaintiff wishes the circumstances presented were different and his matters had not arisen during the Covid-19 pandemic which has impacted the adjudication of his claims, he also wishes to preserve his Seventh Amendment right to a jury hearing his legal claims before a trial judgment is entered on his equitable claims. Given the circumstances, appropriate relief from this Court is required and for these reasons he requests leave of the Court to move to for an appropriate Order concerning the any final adjudication of a trial judgment in the related bankruptcy proceeding (i.e. Adversary Proceeding, Case No. 19-00203).

Respectfully,

*/s/Phillip Robinson*

Phillip Robinson

c:     All Counsel of Record through the Court's CM/ECF System