IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RUBEN PALAZZO )<br><br>    Plaintiff )<br><br>*v.* )<br><br>BAYVIEW LOAN SERVICING LLC )<br><br>And )<br><br>MANUFACTURERS AND TRADERS )<br>TRUST COMPANY d/b/a M&T BANK )<br><br>    Defendants | **Bankruptcy Court Adversary No.:**<br><br>   **19-00203**<br><br><br>District Court Case No. 8:20-cv-02392 |

**RESPONSE TO DEFENDANTS' MOTION FOR RECONSIDERATION**

Ruben Palazzo, Plaintiff, by counsel, does hereby respond to Defendants' Motion to Reconsider this Court's Order to withdraw the reference in this matter. Plaintiff prays that in the interest of judicial economy, the mix of core and non-core issues (which the Bankruptcy Court has already ruled it is does not have jurisdiction to hear) and because the underlying facts which give way to the Plaintiff's causes of action are identical in the core and non-core proceedings the Court deny Defendants' motion. In support of its position the Plaintiff states as follows:

*The Factual and Procedural Background Does Not Support Reconsideration*

For the sake of brevity, the Plaintiff assumes that this Court is well familiar with the facts and prior rulings in this matter having just granted the Plaintiff's Motion to Withdraw the Reference and will not bear repeating the same. However, Defendants in their memorandum in support of their motion and as a basis for their argument raise, additional facts that have transpired since the Motion to Withdraw and the responsive pleadings thereto were filed with this Court. These new "facts" have now caused them to have a change of mind with respect to their prior statement in their prior response that Defendants "take no position as to whether this Honorable

1

Court should withdraw the reference." ECF. 4 at ¶ 7 (filed on September 9, 2020). Notably the Defendants <u>never</u> sought leave to file a supplemental memorandum of their apparent change of position until <u>after</u> this Court's ruling and only then did the Defendants seek to raise their new arguments now presented after the fact. Defendants' request for a do-over is simply unjustified and unwarranted and no evidence is before the Court to conclude Defendants' failure to demonstrate excusable neglect should be conditioned if the law and rules are to be applied to all parties. Compare Fed. R. Civ. P. 1 ("The[] rules govern[ing] the procedure in all civil actions and proceedings in the United States district courts…should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").

In addition, unlike the Defendants, Plaintiff has periodically updated the Court to the status of the proceedings before the Bankruptcy Court over time (ECF. 6, filed October 20, 2021). In addition, Plaintiff would add that that since his filing of his Motion for Withdrawal of the Reference his Chapter 13 plan has completed (in January 2021 but for unclear reasons the Chapter Trustee did not take steps to close it until last month). Plaintiff was also granted a discharge on January 28, 2022, and this bankruptcy case would be closed or closed imminently if not for the Adversary Proceeding still pending. Because the bankruptcy case is at its conclusion there is no benefit to his Estate for the adversary to remain in the Bankruptcy Court since the creditors are not going to receive any additional funds assuming Plaintiff is successful in prosecuting any of his core and non-core claims. In other words, the Estate has <u>no</u> interest in the remaining claims. So, it is unclear why under the circumstances this matter should remain in the Bankruptcy Court for a duplicative trial on the same facts, involving the same witnesses and evidence before Mr. Palazzo has a jury of his peers consider this conduct.

*Argument*

Defendants bring their motion to reconsider based upon Rules 59 and 60 however neither

are appropriate here. Even the case law relied upon by the Defendants in *Erskine v. Board of*

*Education*, 207 F.Supp.2d 407 (D.Md. 2002) does not support their rational for reconsideration. The

court in *Erskine* states that:

> "[T]he federal courts generally have invoked Rule 59(e) only to support
> reconsideration of matters properly encompassed in a decision on the
> merits." *White v. New Hampshire Dept. of Employment Sec.,* 455 U.S. 445, 451,
> 102 S. Ct. 1162, 71 L. Ed. 2d 325 (1982). It may be made for one of three reasons:
> (1) to accommodate an intervening change in controlling law; (2) to account
> for new evidence not [previously] available ...; or (3) to correct a clear error of law
> or prevent manifest injustice.
> *Hill v. Braxton,* 277 F.3d 701, 708 (4th Cir. 2002). "[A] motion to
> reconsider is not a license to reargue the merits or present new evidence." *Royal*
> *Insurance Co. of America v. Miles & Stockbridge, P.C.,* 142 F. Supp. 2d 676, 677
> n. 1 (D.Md.2001), *citing RGI, Inc. v. Unified Indus., Inc.* 963 F.2d 658 (4th
> Cir.1992).

*Id*. at 408.

Defendants in their Memorandum supporting their motion present no changes in the law,

allude to no newly discovered evidence, or point to any clear error of law.  The only argument

Defendants make is that it is somehow a manifest injustice to NOT have two trials in two separate

courts using predominantly the same evidence simply because counsel was previously preparing

for pretrial and trial set later this month and next month respectively (all which preparation would

still apply to a single trial in one action).[1]

---

[1]     Of note here is the fact that since Mr. Palazzo commenced this action, Defendant
Bayview has regularly reported to him for unknown reasons other than apparently to coerce him
to pay it sums he does not owe or to drop his claim its own attorney fees uncured in this action.
These reports are made by Bayview on its annual IRS interest statements to Mr. Palazzo and the
total sum of attorney fees published by Bayview to Mr. Palazzo and the IRS that it has incurred
in this action is $47,507.95 in 2019 and $130,031.01 in 2020.  By contrast Mr. Palazzo has

A motion for reconsideration is rarely appropriate "[w]hen the motion [for reconsideration] raises no new arguments, but merely requests the district court to reconsider a legal issue or to change its mind." *Pritchard v. Wal-Mart Stores, Inc.,* 3 Fed.Appx. 52, 53 (4th Cir. 2001) (denying motion for reconsideration) (citing *United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982)); *Finkelstein v. Mardkha*, 518 F.Supp.2d 609, 611 (S.D.N.Y. 2007) ("[A] motion for reconsideration is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved."); *In re World Trade Ctr. Disaster Site Litig.*, 2008 WL 2704317, *1 (S.D.N.Y. July 10, 2008) ("A motion for reconsideration does not provide the parties with an opportunity to reargue issues that have already been decided just because a party is displeased with the original outcome.").

After received a ruling that they previously stated to the Court they took no position (ECF. 4 at ¶ 7) and never notified the Court of any changes in thought, Defendants now chose to address and respond to Plaintiff's arguments pertaining to the six factors[2] used to determine whether withdrawal is appropriate as presented in his Motion for Withdrawal of Reference. The time to do so long since passed, but Defendants now want another bite at the apple. Nor have the Defendants shown any evidence to the Court for their excusable neglect for not having done so earlier.

### Factor 1: Core vs. Non-Core Matters

---

incurred a far less sum of attorney fees that is a small fraction to the sums Bayview has elected to pay its lawyers (when it also elected to conduct no depositions and very little other discovery).

[2] "(1) whether the matter at issue between the parties is 'core' within the meaning of Section 157(b)(2) of the Bankruptcy Code: (2) uniformity of bankruptcy administration: (3) forum shopping: (4) conservation of creditor and debtor resources: (5) expediency of the bankruptcy proceeding; (6) the likelihood of a jury trial." *Farmer v. Macy's Inc.*, No. AP LSS-16-0350, 2017 WL 3493129, at *2 (D. Md. Aug. 14, 2017) (citing *Albert v. Site Mgmt., Inc.*, 506 B.R. 453, 455 (D. Md. 2014)).

This Court rightly recognized in its February 4, 2022 Order that it shall withdraw any referred proceeding "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." Letter Order (ECF. 20) at 2. The Bankruptcy Court previously ruled that it does have subject matter jurisdiction over Counts I and II of Plaintiff's adversary proceeding but does not have subject matter jurisdiction over Counts III and IV under Maryland and Federal consumer protection statutes.  Nothing has changed in this regard since the filing of Plaintiff's Motion or since this Court's ruling. Even though all claims arise from and relate to the Defendants' initial violations of the Bankruptcy Court's prior orders and subsequent ongoing and continuing conduct, based on the Bankruptcy Court's subject matter jurisdiction ruling the claims remain a mix of core and non-core matters. Thus, if the Court reconsidered its February 4, 2022 Order this factor would remain neutral.

### Factor 2: Uniformity of Bankruptcy Administration

Again, the Defendants raise no new law, evidence, or point to a clear error in the law by this Court. Rather Defendants now argue that because discovery has been completed, mediation occurred (unsuccessfully), and dispositive motions have been filed in the Bankruptcy Court that the core issues should remain in that forum.  These litigation activities would have taken place in the District Court just the same, there is no prejudice to the Defendants as the dispositive motions could be refiled or transferred this court if so desired. Alternatively, the District Court can also request the Bankruptcy Court issue proposed findings of fact and conclusions of law on the pending motions (if it is able to do so).[3]

---

[3] *See, PNC Bank, N.A. v. Davis,* 2021 WL 5395990 (D.Md. Nov. 18, 2021).

In no way does the Court's Order negatively impact the uniformity of bankruptcy administration. First, Mr. Palazzo's Estate has been fully administered for over a year and he finally has his discharge.  In addition, as pointed out in Plaintiff's original motion, because the Adversary Proceeding involves subject matter not typically handled by the Bankruptcy Court in that this case involves complex consumer rights statutes in addition to Title 11 statutory violations, "it is more expedient to try the case in District Court. *See Allen v. Nat'l City Mortg.,* No. 2:04 MC 188, 2006 WL 3899997, at *2 (S.D.W. Va. July 13, 2006) (granting motion to withdraw and noting that "[w]ithdrawing the reference certainly will not affect the uniform administration of bankruptcy law because the Amended Complaint raises issues governed by non-Title 11 law.").

Defendants also now argue that "denying the Bankruptcy Court the ability to rule upon and interpret questions central to the bankruptcy process and to the Plaintiff's own bankruptcy case -- (i) whether Defendants violated Judge Catliota's *own* ruling and thereby Section 1327 of the Bankruptcy Code (Plaintiff's Claim One); and (ii) what constitutes a violation of the automatic stay of Section 362 (Plaintiff's Claim Two)— should not be viewed as promoting the uniformity of bankruptcy administration." Defendants Memorandum (ECF 13-1) at 8. This argument is disingenuous and Plaintiff finds disparaging to this Court.  The District Court is more than capable of interpreting bankruptcy issues such as what constitutes a violation of the automatic stay and the effects of confirmation of a Chapter 13 plan on post confirmation conduct of creditors who ignored the Bankruptcy Court's Orders and the automatic stay.  Further, Plaintiff has full faith that this Court can properly interpret another judge's ruling. The Court does so on routine bases pursuant to FRBP 8005 and 28 U.S.C. § 158.

If anything, it is the more complex intertwined non-bankruptcy issues that weigh heavy in favor of removing the reference so everything can be addressed in one action.

6

**Factor 3: Forum Shopping**

While it is true that some discovery[4] and some motion practice has taken place in the Bankruptcy Court since the filing of the Motion to Withdraw the Reference, Plaintiff fails to see how he can be accused of forum shopping. If anything, Defendants' Motion, changed position, and their own conduct demonstrate why this Plaintiff was initially content to have all of his claims heard in the Bankruptcy Court. It was the Bankruptcy Court that *sua sponte* entered a show cause order directing the parties to address whether it had subject matter jurisdiction over the non-core claims; and before it ruled upon that issue Plaintiff moved to Withdraw the Reference as to the entire adversary proceeding. The fact that this Court, assumably for good reason, took a substantial amount of time in ruling on the motion and that the Plaintiff filed a letter asking the Court to consider issuing an Order to protect Plaintiff's right to have his legal claims heard before a jury before any final judgment on the bankruptcy claims occurred (ECF. 7, filed January 13, 2022) cannot be held against him; Defendants could have taken it upon themselves to do the same at an earlier time if it so desired or could have notified that Court any time in the last seventeen months that they now opposed the Plaintiff's Motion to Withdraw the Reference. Instead, they sat silent the entire time without asking for permission to file a supplemental memorandum or ask the Court for a ruling on the withdrawal motion. This Court should not rewards Defendants' behavior and voluntary waiver. Taking a position and complaining long after it had the opportunity to do so is not proper grounds for the Court to reconsider its Order.

---

[4]    The Defendants refused in the Bankruptcy Court to agree that discovery on all claims should proceed together while this Court considered the Plaintiff's Motion to Withdraw the Reference. The Defendants also elected to not conduct any depositions in the Bankruptcy Court. So, having taken these positions and voluntary elected not to conduct eaningful discovery, what seems apparent is the Defendants do not prefer this forum even though they suffer no prejudice in this forum.

**Factor 4: Conservation of Creditor and Debtor Resources**

Again, nothing here has changed. Defendants argue that because some discovery is complete (and they abandoned other discovery) and a trial was scheduled in the Bankruptcy Court before Mr. Palazzo is permitted to pursue his legal claims before a jury of his peers, that this factor no longer weighs in favor of withdrawal of the reference. In other words, through the passage of time and no fault of Mr. Palazzo this Court should disregard the precedent of *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 472 (1962) and *U.S. ex rel. Drakeford v. Tuomey Healthcare Sys., Inc.*, 675 F.3d 394, 404 (4th Cir. 2012).  Defendants cite no basis for such a conclusion which seems based only in the desires of the Defendants to continue to churn more and more time and expense in duplicative proceedings in hopes that Mr. Palazzo goes away.

Simply put, Plaintiff fails to follow Defendants' argument that because it has the facts and arguments fresh in its mind the core issues should be heard now by the Bankruptcy Court when the Estate has no interest in whatever recovery comes from Mr. Palazzo's claims.  This makes little sense as if the reference is not withdrawn, the relevant facts and arguments in this matter are going to have to be revisited and rehashed by the parties and this Court when trial is held on the on the non-core matters. That would have the opposite effect of conserving resources (unless the position is that of a party willing to pay counsel to advance such arguments over the course of three years for sums in excess of $ 177,538.96).

**Factor 5: Expediency of the Bankruptcy Proceeding**

Because of the Bankruptcy Court's ruling that it does not have subject matter jurisdiction over Counts III and IV it can only rule on the core issues previously discussed. Thus, although the Bankruptcy Court theoretically might be able to conduct a trial, at present the Bankruptcy Court is only conducting zoom hearings/trials except in exceptional circumstances and it is difficult for

Plaintiff to see how a trial in this matter could occur given the number of trial exhibits presented by the Parties). However, Defendants' apparent desired forum (after the Court's entry of the Order of February 4, 2022), does not change the overall situation as it pertains to judicial economy and forcing the parties to conduct (and the courts to hear) two separate trials on the same evidence. Additionally, if the Bankruptcy Court did rule on the core issues and any party was dissatisfied, the appeal would be to this Court, leaving the parties in an odd situation where it is appealing a decision to this Court while also conducting a jury trial on essentially the same facts. This factor still weighs in favor of withdrawing the reference and the passage of time since Mr. Palazzo initially sought the relief without objection of the Defendants should not permit the Defendants a do over.

### Factor 6: Likelihood of a Jury Trial

Once again nothing here has changed that should prompt this Court to reconsider its ruling. The Court is more than capable to hear both core and non-core matters regardless if the jury only has a role in assessing the facts as they pertain to the non-core allegations. Further, Plaintiff's jury rights are required to be protected.

### *Conclusion*

This court correctly ruled that the reference for the Plaintiff's entire Amended Complaint should be withdrawn. The Defendant has not shown any intervening change in controlling law; or brought to light new evidence new evidence that was not previously available. Further, Defendants cannot show that it is a manifest injustice to make them conduct one trial rather than two which may result in conflicting rulings and findings of fact. For these reasons the Plaintiff prays this court uphold its well-reasoned opinion and deny Defendants Motion for Reconsideration

Respectfully submitted,

*//s//Phillip R. Robinson*
Phillip R. Robinson (Bar No. 27824)
Consumer Law Center LLC
10125 Colesville Road, Suite 378
Silver Spring, MD  20901
Telephone: (301) 448-1304
phillip@marylandconsumer.com

*Counsel for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon all parties in this action

when filed with the Court's ECF system.

*//s//Phillip R. Robinson*
Phillip R. Robinson