

THOMAS J. CATLIOTA
U.S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
## at Greenbelt

| | | |
|---|---|---|
| In re: | * | Case No.   16-11319-TJC |
| Ruben Palazzo | * | Chapter   13 |
| | * | |
| Debtor | * | |
| * * * * * * * * | * | |
| Ruben Palazzo | * | |
| | * | |
| Plaintiffs | * | |
| vs. | * | Adversary No.   19-00203 |
| Bayview Loan Servicing, LLC, *et al.*, | * | |
| Defendants | * | |
| * * * * * * * * * * * * * | | |

**MEMORANDUM AND ORDER DETERMINING THE COURT LACKS SUBJECT MATTER JURISDICTION OVER COUNTS III AND IV OF THE AMENDED COMPLAINT AND STAYING THESE COUNTS**

Chapter 13 debtor and plaintiff Ruben Palazzo brought this action against defendants Bayview Loan Servicing, LLC and Manufacturers and Traders Trust Company raising claims both under the Bankruptcy Code and nonbankruptcy law.  ECF 1.  The complaint and amended complaint include claims that defendant violated provisions of the Bankruptcy Code or an order of this court.  The court has subject matter jurisdiction over these claims under 28 U.S.C.

1

§1334(b).  In addition, the original complaint raised claims for money damages under the Maryland Consumer Debt Collection Act and Maryland's Consumer Protection Act and the Maryland Fraud Protection Act.  The amended complaint also includes nonbankruptcy claims.  Count III of the amended complaint seeks damages for alleged violations of the Maryland Consumer Debt Collection Act and Maryland's Consumer Protection Act, while Count IV seeks damages for alleged violations of the Fair Debt Collections Practices Act.  The question addressed here is whether this court has subject matter jurisdiction over Counts III and IV of the amended complaint.

As discussed below, plaintiff exempted these claims from the bankruptcy estate.  Any recovery from these claims would be realized only by plaintiff individually, and would not be included as property of the estate.  Further, the claims are not included in plaintiff's confirmed plan, and creditors would realize no benefit from any recovery.  Because these claims can have no conceivable effect on the bankruptcy case, the court lacks subject matter jurisdiction to hear them.

I.

Plaintiff filed his Chapter 13 case on February 5, 2016, initiating Case No. 16-11319.  Defendant Bayview filed Claim No. 3-1, asserting a secured claim on behalf of defendant M&T Bank in the amount of $150,548.06, and prepetition arrearages of $25,971.98.  The loan is secured by a deed of trust on 34811 Old Ocean Road, Wicomico County, Maryland.

The plaintiff objected to the arrearage claim asserted in the proof of claim, ECF 81, and, after a response by Bayview, ECF 82, the court resolved the objection at a hearing held on January 25, 2018.  The court determined the allowed arrearage claim was $11,816.21.  ECF 91.

2

The plaintiff filed an amended Chapter 13 plan incorporating the established arrearage claim of $11,816.21 and paying that claim in 26 monthly plan payments of $454.27.  ECF 104.  The court confirmed the plan by order entered on July 6, 2018.  ECF 106.

Plaintiff brought the complaint on June 21, 2019.  The complaint asserted claims in connection with the loan that was the subject of the claim objection, described above.  *See* ECF 1 at ¶¶17-21.  The complaint alleged that the loan was transferred to M&T Bank, to be serviced by Bayview, pursuant to a correspondence received in December 2013.  *Id.* at ¶24.  Thereafter, defendants began to reject payments made by plaintiff, leading to a default on the loan and causing plaintiff to file for bankruptcy.  *Id.* at ¶24.  The complaint further alleges that several post-petition statements were submitted by defendants to plaintiff which were "materially incorrect, false and misleading."  *Id.* at ¶¶30-36, 39, 41.

The claims in the original complaint were as follows:  Count I sought a declaratory judgment establishing the amounts due from plaintiff to defendants, a determination of defendants' entitlement to use alleged unlicensed servicers, and a finding of contempt against defendant Bayview.  *Id.* at ¶¶67-72.  Count II sought damages for alleged violations of the Maryland Consumer Debt Collection Act and Maryland's Consumer Protection Act.  *Id.* at ¶¶73-86.  Count III sought damages under the Maryland Fraud Protection Act.  *Id.* at ¶¶87-95.

Plaintiff filed a motion to amend the complaint on July 28, 2020, and on August 12, 2020 the court entered an Order Granting Motion Leave to File Amended and Supplemental Complaint. ECF 57.  The amended complaint asserts four counts:  Count I seeks a contempt judgment finding defendants sought to collect sums in violation of 11 U.S.C. §1327 and seeks damages for those violations.  ECF 47-2, p. 48.  Count II seeks a declaratory judgment establishing the amounts due from plaintiff to defendants, a determination of defendants'

3

entitlement to use alleged unlicensed servicers, and a finding of contempt against defendant Bayview. *Id.* at p. 49. Count III seeks damages for alleged violations of the Maryland Consumer Debt Collection Act and Maryland's Consumer Protection Act. *Id.* at p. 50. Count IV seeks damages for alleged violations of the Fair Debt Collections Practices Act.

Also, on July 28, 2020, the plaintiff moved to withdraw the reference of this adversary proceeding to the United States District Court for the District of Maryland. ECF 48. Plaintiff filed a motion to stay this proceeding until the District Court resolved the motion. This court preliminarily denied the motion to stay, in part in recognition of Fed. R. Bankr. P. 5011(c), but also because the "determination of whether this court has subject matter jurisdiction may be pertinent to the District Court's resolution of the reference withdrawal motion." ECF 52.

II.

The court questioned whether it had subject matter jurisdiction over all of the claims in the original complaint. It issued an Order to Show Cause Whether Some or All of the Counts of This Adversary Proceeding Should Not Be Dismissed For Lack of Subject Matter Jurisdiction ("Show Cause Order"), ECF 27, providing the parties an opportunity to be heard on the question. The parties responded to the Show Cause Order, and the court held a hearing on August 4, 2020.

Plaintiff's motion to amend the complaint was not ripe at the time of the August 4 hearing. As addressed at the hearing however, the concerns raised by the court regarding the potential lack of subject matter jurisdiction over the claims in the original complaint apply equally to the amended complaint. Now that the court has granted the motion to amend the complaint, it addresses here the claims in the amended complaint.

In the Show Cause Order, the court explained that its subject matter jurisdiction stems from 28 U.S.C. §1334(b), and that the Fourth Circuit addressed, at length, bankruptcy court

subject matter jurisdiction after a plan has been confirmed in *Valley Historic Ltd. Partnership v. Bank of New York*, 486 F.3d 831, 836 (4th Cir. 2007).  In response to the Show Cause Order, plaintiff did not address 28 U.S.C. §1334(b) nor *Valley Historic*.  Plaintiff contends that the claims in the complaint are core proceedings that can be heard by the court.  The core vs. noncore distinction, of course, establishes whether the court can hear a matter to final judgment (statutory and constitutional core matters) or must issue proposed findings of fact and conclusions of law (noncore matters without consent).  While the court must, of necessity, have subject matter jurisdiction over a core matter, subject matter jurisdiction is determined by 28 U.S.C. §1334(b).

In response to the Show Cause Order, plaintiff states that the "damages and sums that may be realized from the Complaint (ECF 1) may also be property of the Estate." ECF 32 at p. 5.  If plaintiff were correct, that "the damages and sums" recovered from this proceeding are property of the estate, this statement may weigh in favor of a determination that the court has subject matter over the nonbankruptcy claims in Counts III and IV.  That the plaintiff made the statement, however, is perplexing.

On May 15, 2019, plaintiff amended his "Schedule A/B – Property" list of assets to include:

> Pre- and post-petition claims against Substitute Trustees (and McCabe, Weisberg, & Conway, LLC), Bayview Loan Servicing, M&T Bank, NA, and their affiliates for violations of Maryland and Federal debt collection and mortgage serving laws related to Debtor's mortgage including FDCPA, MCPA, MCDCA, MMFPA, RESPA, and FCRA. Related claims against the owners of the Debtor's loan - SunTrust Mortgage Inc.; WSFS as Trustee for PNPMS Trust III; US Bank Trust NA as Trustee for CVF III Mortgage Loan Trust II.

ECF 113, p. 6.  The plaintiff also amended his "Schedule C – The Property You Claim as Exempt" to include:

> Pre- and post-petition claims against Substitute Trustees (and McCabe, Weisberg, & Conway, LLC), Bayview Loan Servicing, M&T Bank, NA, and their affiliates for violations of Maryland and Federal debt collection and mortgage serving laws related to Debtor….

*Id.* at p. 9.  In his response to the Show Cause Order, plaintiff did not address that he had exempted the claims in the complaint from the bankruptcy estate.  No objection was made to the amended Schedule C and therefore the claims that are subject of this complaint are exempt from the estate.  "When a debtor takes an allowable exemption, the exempt property passes out of the estate created by §541, and this property becomes unavailable to the trustee.  *See,* 11 U.S.C. § 522(c)."  *In re Bunker* 312 F.3d 145, 152 (4th Cir. 2002).   Further, the claims in the complaints are not mentioned or included in the confirmed plan.  Accordingly, any recovery from this proceeding will benefit the plaintiff personally, and will not be property of the estate or benefit the creditors. While that determination does not alter the court's subject matter jurisdiction over the bankruptcy claims, it is pertinent to the court's determination whether it has subject matter jurisdiction over the "related to" claims in Counts III and IV, as addressed below.

IV.

As stated in the Show Cause Order, this court derives its jurisdiction from the district court.  28 U.S.C. §157(a).  Bankruptcy court subject matter jurisdiction is governed by 28 U.S.C. §1334(b), which provides that the district court has "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."   A claim "aris[es] under title 11" if it is a "cause of action created by the Bankruptcy Code, and which lacks existence outside the context of bankruptcy."  *Educ. Credit Mgmt. Corp. v. Kirkland (In re Kirkland)*, 600 F.3d 310, 315-18 (4th Cir. 2010).  A claim "arises in" Title 11 of the United States Code if it is one "that is not based on any right expressly created by Title 11, but nevertheless could have no existence outside of bankruptcy."  *Grausz v. Englander*, 321 F.3d

6

467, 471 (4th Cir. 2003) (quoting *A.H. Robins Co. v. Dalkon Shield Claimants Trust,* 86 F.3d 364, 372 (4th Cir.1996)).  Thus, a controversy "arises in" Title 11 when "it would have no practical existence but for the bankruptcy." *Id.*  "[T]he test for determining whether a civil proceeding is "related to" bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Valley Historic Ltd. Partnership v. Bank of New York*, 486 F.3d 831, 836 (4th Cir. 2007) (quoting *Owens-Ill., Inc. v. Rapid Am. Corp*., 124 F.3d 619, 625 (4th Cir. 1997)) (internal quotation marks omitted).  "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and [it] in any way impacts upon the handling and administration of the bankruptcy estate." *Valley Historic*, 486 F.3d at 836 (quoting *Owens-Ill.*, 124 F.3d at 625-26).  However, the Supreme Court has held that "related to" jurisdiction "cannot be limitless," and that the critical component of the test is that "bankruptcy courts have no jurisdiction over proceedings that have no effect on the estate of the debtor." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308, n. 6 (1995).

Count I of the amended complaint raises a claim that defendants violated the discharge injunction in the Bankruptcy Code.  This claim is "created by the Bankruptcy Code, and … lacks existence outside the context of bankruptcy." *Educ. Credit Mgmt. Corp.* 600 F.3d at 315-18.  It therefore "arises under" the Bankruptcy Code and the court has subject matter jurisdiction over it.

Count II seeks a determination on the amounts due on the loan post-petition.  The plaintiff's plan requires him to cure his pre-petition arrearage while maintaining post-petition payments on his loan.  *See*, Debtor's Fourth Amended Chapter 13 Plan, ECF 104, Section 2.e.ii, in Case No. 16-11319.  It is well established that a bankruptcy court has jurisdiction to determine

7

the post-petition amount due on a real estate loan that is cured under a Chapter 13 plan where, as here, the plan requires the debtor to maintain post-petition payments during the plan. Indeed, Bankruptcy Rule 3002.1 contains an extensive process for notification of post-petition changes in loan payments during the case and the final cure amounts, and the opportunity for a debtor or party in interest to challenge those amounts. *See e.g*., Fed. R. Bank. P. 3002.1(b) – (h). As the Advisory Committee Notes state, "[A] debtor and the trustee must be informed of the exact amount needed to cure any prepetition arrearage, see Rule 3001(c)(2), and the amount of the postpetition payment obligations." And "[t]imely notice of these changes will permit the debtor or trustee to challenge the validity of any such charges, if necessary, and to adjust postpetition mortgage payments to cover any properly claimed adjustment." Fed. R. Bankr. P. 3002.1 Advisory Committee's Note to 2011 amendment. Accordingly, the court has jurisdiction to resolve Count II.

Counts III and IV bring claims alleging violations of Maryland and federal consumer protection statutes. These claims neither "arise in" a bankruptcy proceeding nor "arise under" the Bankruptcy Code. The court turns to the question of whether they meet the "related to" test of §1334(b).

The plaintiff brought the adversary proceeding after confirmation of his Chapter 13 plan. In *Valley Historic*, the Fourth Circuit established the standards for "related to" jurisdiction after confirmation of a Chapter 11 plan. The Court held that the bankruptcy court lacked subject matter jurisdiction to hear the debtor's breach of contract and tortious interference claims against its secured lender. After noting that the claims did not arise under Title 11 or arise in Title 11, the Court adopted the rationale of *Binder v. Price Waterhouse & Co.* (*In re Resorts Int'l, Inc.*), 372 F.3d 154, 166 (3d Cir. 2004), finding:

8

> [F]or "related to" jurisdiction to exist at the post-confirmation stage, the claim must affect an integral aspect of the bankruptcy process—there must be a close nexus to the bankruptcy plan or proceeding. Practically speaking, under this inquiry matters that affect the interpretation, implementation, consummation, execution, or administration of the confirmed plan will typically have the requisite close nexus.

*Valley Historic*, 486 F.3d at 836-37 (internal quotation marks and citations omitted). This approach ensures that the proceeding will serve a "bankruptcy administration purpose" on the date the bankruptcy court exercises jurisdiction. *Id.* at 837.

The Court found that the claims lacked the required "close nexus":

> We find no conceivable bankruptcy administration purpose to be served by the Debtor's adversary proceeding because the Plan made no provision for the use of any recovery from the adversary proceeding but instead provided for the satisfaction of the Debtor's obligations entirely from the post-petition rents and earnings of the Debtor through operation of its real estate.

*Id.* (internal quotation marks and citations omitted). The Fourth Circuit has applied *Valley Historic* in the context of Chapter 13 post-confirmation claims as well. *See, Educ. Credit Mgmt. Corp.* 600 F.3d at 315-18.

While the *Valley Historic* standard applies generally to claims brough after confirmation of a chapter 13 plan, a material difference between chapter 13 plans and chapter 11 plans in this District requires further analysis. Under chapter 11, the property of the estate revests in the debtor upon confirmation of the plan. 11 U.S.C. §1141(b). Thus, recovery on a claim brought after confirmation of a Chapter 11 plan is not property of the estate and the court must look to the terms of the plan to determine whether the close nexus required by *Valley Historic* exists. To the extent the court here looks to plaintiff's confirmed plan, it would reach the same result as the court in *Valley Historic*. The plan makes no provision for the claims in this proceeding and creditors receive no benefit from those claims under the plan. Therefore, the plan does not create a close nexus – or any nexus, for that matter - between the claims and the plan.

9

In this District, however, property of the estate does not revest in the debtor upon confirmation of a chapter 13 plan.  *See* Order Confirming Plan, ECF 106 in Case No. 16-11319 ("property of the estate shall not vest in the Debtor until the Debtor is granted a discharge or the case is dismissed or otherwise terminated.").  *See also*, Debtor's Fourth Amended Chapter 13 Plan, ECF 104 in Case No. 16-11319 ("Title to the Debtor's property shall revest in the Debtor when the Debtor is granted a discharge pursuant to 11 U.S.C. § 1328, or upon dismissal of the case, or upon closing of the case.")  Accordingly, plaintiff's recovery under Count III and IV would ordinarily be property of the estate.

The court need not address whether this alone would provide the close nexus for "related to" jurisdiction.  The plaintiff expressly exempted these claims from the estate. Thus, the plaintiff, and plaintiff alone, will realize any benefit from Counts III and IV.  Accordingly, Counts III and IV can have no conceivable effect on the bankruptcy case.  The court lacks subject matter jurisdiction to hear them.

As stated above, the plaintiff has moved to withdraw the reference to the District Court.  Therefore, rather than dismiss Counts III and IV, the court will stay these Counts until the District Court resolves the motion.

Accordingly, it is, by the United States Bankruptcy Court for the District of Maryland, hereby

ORDERED, that the court lacks subject matter jurisdiction over Counts III and IV, and it is further

ORDERED, Counts III and IV are hereby stayed pending resolution by the District Court of the plaintiff's motion to withdraw the reference.

cc:     All Parties
        All Counsel

**End of Order**