

**Bradford Bernstein**
Direct Dial and Fax: (301) 762-1600
E-mail: bbernstein@milesstockbridge.com

March 30, 2022

**VIA CM/ECF**
The Honorable Paul W. Grimm
United States District Court Judge
United States District for the District of Maryland
6500 Cherrywood Lane, Suite 465A
Greenbelt, MD 20770

Re: <u>Case 8:20-cv-02392-PWG</u>
*Letter Requesting Status Conference and Leave of Court to file
Motion to Dismiss as to Count III of the Amended Complaint and
Partial Dismissal of Vendor Licensing Issues*

Dear Judge Grimm:

In accordance with the Court's Letter Order Regarding the filing of Motions, ECF No. 2, Defendants Bayview Loan Servicing, LLC and Manufacturers and Traders Trust Company d/b/a M&T Bank ("Defendants") submit this letter requesting a status conference with the Court to discuss proposed scheduling of this case and the pending cross-motions for summary judgment filed by the Parties with respect to Counts I and II of Plaintiff Ruben Palazzo's ("Plaintiff") Amended Complaint, ECF No. 29. In addition, Defendants also request leave of Court to re-file a motion to dismiss for failure to state a claim for relief as to Count III of Plaintiff's Amended Complaint, and partial dismissal of the vendor licensing issues, as discussed below.[1]

## Relevant Background

This case has recently been transferred from the United States Bankruptcy Court for the District of Maryland for resolution of an Adversary Proceeding (Case No. 19-00203) commenced by Plaintiff on June 21, 2019. Since that time, Plaintiff has filed an Amended Complaint consisting of four claims: violation of 11 U.S.C. § 1327 (Count I); violation of 11 U.S.C. § 362 (Count II); violation of Maryland's Consumer Debt Collection Act ("MCDCA"), Com. Law §§ 14-201, *et seq.*, and Maryland's Consumer Protection Act ("MCPA"), Com. Law §§ 13-101, *et seq.* (collectively, Count III); and violation of the Fair Debt Collection Practices Act under 15 U.S.C §§ 1692, *et seq.* (Count IV). (ECF No. 29).

Shortly after the Amended Complaint was filed, on August 13, 2020, the Bankruptcy Court entered an order finding that it lacked subject matter jurisdiction over Counts III and IV of the

---

[1] The Bankruptcy Court determined that it did not have subject matter jurisdiction over Counts III and IV of the Amended Complaint and thus denied the motion to dismiss, without prejudice.

The Honorable Paul W. Grimm
March 30, 2022
Page 2



Amended Complaint, ECF No. 28, and thus those counts were stayed pending resolution by the District Court of the Plaintiff's Motion for Withdrawal of Reference. On February 4, 2022, this Court granted Plaintiff's Motion for Withdrawal of Reference, ECF No. 12. In light of the above, the Adversary Proceeding has now been transferred in its entirety to this Court.

Presently pending before the Court are the Parties cross-motions for summary judgment, ECF Nos. 35-39, which were previously filed in the Bankruptcy Court. In that regard, Defendants respectfully request a status conference with the Court to discuss proposed scheduling in this matter and the pending cross-motions for summary judgment, as to Counts I and II of the Amended Complaint.

In addition, Defendants also request leave of Court to file a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), with regard to Count III of the Amended Complaint. As discussed, *infra*, Count III alleges violations of the MCDCA and MCPA. However, even when considering the facts in a light most favorable to Plaintiff, the Amended Complaint fails to plead sufficient facts to establish a violation under any of these statutes and must be dismissed. Similarly, to the extent that Plaintiff seeks to rely upon vendor licensing issues, as alleged in Paragraphs 53-66 of the Amended Complaint, Defendants intend to seek partial dismissal of those issues.

## Legal Argument in Support of Proposed Motion to Dismiss

### A. Plaintiff fails to state a claim under the MCDCA.

Counts III and IV of the Amended Complaint are each predicated on the allegations that Defendants sent inaccurate monthly mortgage statements to Plaintiff, in violation of the Bankruptcy Court's Proof of Claim Order ("POC") and various consumer protection statutes. Critically, "to state a claim under the MCDCA, a plaintiff must establish two elements: (1) the defendant did not possess the right to collect the amount of debt sought; and (2) the defendant attempted to collect the debt knowing that it lacked the right to do so." *Barr v. Flagstar Bank, FSB*, 303 F. Supp. 3d 400, 420 (D. Md. 2018) (internal citations omitted). Moreover, "although knowledge and intent may be averred generally, this Court has consistently held that ... allegations [must] have enough factual support to be at least plausible." *Flowers v. Baltax 2017, LLC*, 2019 WL 3501584, at *9 (D. Md. Aug. 1, 2019) (dismissing MCDCA claim for failure to show actual knowledge).

Here, a close review of the Amended Complaint will demonstrate that Plaintiff has failed to plead sufficient facts to establish the requisite knowledge of Defendants under the MCDCA. Indeed, aside from the abundant conclusory statements asserted throughout the Amended Complaint, Plaintiff has provided zero facts tending to show that "Defendants knew, or were deliberately indifferent to, the fact that they did not possess the right to enforce" the alleged debt. *See Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 318 (D. Md.), *aff'd,* 584 F. App'x 135 (4th Cir. 2014) (also dismissing MCDCA claim for failure to plead knowledge). For this reason, Defendants seek leave of Court to file a motion to dismiss on this claim.



**B. <u>Plaintiff failed to state a claim under the MCPA.</u>**

Similarly, Plaintiff's claim brought under the MCPA fares no better. In order "to state a claim under the MCPA, a plaintiff must adequately plead that: "(1) the defendant engaged in an unfair or deceptive practice or misrepresentation, (2) the plaintiff relied upon the misrepresentation, and (3) doing so caused the plaintiff actual injury." *Barr v. Flagstar Bank, FSB*, 303 F. Supp. 3d 400, 416 (D. Md. 2018). This Court has said that "[b]ecause an MCPA claim sounds in fraud, it is subject to Rule 9(b)'s heightened pleading standard." *Id.* In this case, not only has Plaintiff failed to satisfy the heightened pleading standard to survive a motion to dismiss, the Amended Complaint is completely devoid of any facts showing reliance or actual injuries, relating to the inaccurate statements provided by Defendants. Rather, despite the conclusory allegation that Plaintiff "reasonably relied upon the material acts and actions of Bayview and M&T," the Amended Complaint simply fails to establish reliance or any quantifiable harm suffered by Plaintiff. (Am. Compl. ¶¶ 108-109).

**C. <u>Partial dismissal is proper as to the Vendor licensing issues asserted by Plaintiff.</u>**

Finally, to the extent that Plaintiff erroneously seeks relief under Counts III and IV for actions relating to "unlicensed Vendors" administering Plaintiff's homeowner's insurance claim, (Am. Compl, ¶¶ 53-66), dismissal is appropriate because such Vendors are neither collection agencies nor unlicensed mortgage lenders under the Maryland statutory laws. *See* Md. Code Ann., Bus. Reg. § 7-101(d) (defining collection agency); *see also* Fin. Inst. § 11-501(j)(2)(vi) (stating certain exemptions for insurance producers). Although not dispositive of the entire claims, resolution of these issues in the early stages of this case will prevent unnecessary discovery, motions practice, and expense.

For all of these reasons, Defendants respectfully request leave of Court to file a motion to dismiss Count III of the Amended Complaint, and partial dismissal of the Vendor licensing issues. In addition, the Defendants also request a status conference with the Court to discuss proposed scheduling in this matter and the pending cross-motions for summary judgment, as to Counts I and II of the Amended Complaint.

Very truly yours,

*/s/ Bradford Bernstein*

Bradford Bernstein


cc: All Counsel of Record via the Court's CM/ECF system